# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALVIN PARKER, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 17-CV-134-JED-FHM |
| JANET DOWLING, Warden, | ) ) ) |
| Respondent. | ) |

## OPINION AND ORDER

This is a habeas corpus action. Petitioner is a state inmate and appears *pro se*. On April 21, 2017, Petitioner filed an amended petition (Doc. 5). In response to the amended petition, Respondent filed a motion to dismiss (Doc. 8). Petitioner filed a response (Doc. 9) in opposition to the motion to dismiss. Petitioner also filed motions for an evidentiary hearing (Doc. 10), to be "enlarged" pendente lite (Doc. 12), and to "expedite cause" (Doc. 14). For the reasons discussed below, the petition for writ of habeas corpus, as amended, is denied. Because the amended petition is denied, Petitioner's pending motions shall be declared moot. Respondent's motion to dismiss shall be declared moot.

## *BACKGROUND*

In his amended petition (Doc. 5), Petitioner challenges post-conviction and mandamus rulings entered by Oklahoma County District Court and the Oklahoma Court of Criminal Appeals (OCCA). Petitioner is in custody serving a sentence entered in Oklahoma County District Court, Case No. CRF-1985-698. In that case, Petitioner was convicted of Second Degree Murder and sentenced to 199 years imprisonment. Petitioner states that, on May 24, 1994, in Case No. F-90-1212, the OCCA affirmed his conviction and sentence. *See id.* at 2. Petitioner also alleges that, in 2016, he filed a "motion for order *nunc pro tunc*," claiming that his "sentence in CRF-85-698

exceeds the maximum sentence authorized and has been discharged." *Id.* According to Petitioner, the OCCA denied relief on March 9, 2017, in Case No. MA-2016-1140.[1] *See id.* at 3.

On March 15, 2017, Petitioner filed his federal petition for writ of habeas corpus (Doc. 1). Thereafter, on April 21, 2017, Petitioner filed an amended petition (Doc. 5) raising two grounds of error, quoted in their entirety, as follows:

> Ground One: Petitioner was denied his constitutional right of access to courts. Petitioner's sentence in CRF-85-698 exceeds the maximum sentence authorized and has been discharged, but the State Courts carte blanche denied Petitioner the ability to file future pleadings in CRF-85-698. Petitioner's sentence was defined by the state legislature in 1997 as between 18 and 60 years. Petitioner has served over 60 calendar years with his earned credits deducted. Therefore, the state's refusal to comply with this, voids sentence. Petitioner's sentence for all practical purposes has been defined by the state courts as a life sentence. In Oklahoma, all life sentences were 45 years, and could be discharged in twenty-two and one-half years before 1997, whereas after 1997 its [sic] discharged in 38 years, minus credits. Since 1997 all Oklahoma courts have set 38 years as 85% of a life sentence for parole purposes, thereby setting 45 years as life to discharge them. Definitions cannot be repealed, and in the 1997 truth in sentencing matrix, 57 O.S. § 332.7(A), it specifically states that the definition of life, is not part of the truth in sentencing act, but is used in the classification, and scheduling of crimes under the act. Under the sentencing scheme Petitioner was sentenced under gave him a right to have his credits deducted from his life sentence, when a court or legislature defined life as a number of years. In 1997 the legislature did define 18 to 60 years as life. It's a non-discretionary legislative mandate, and the state trial court's non-discretionary duty was to specify the number of years for this cases's life sentence, based on the facts and circumstance of this case. With credit deductions, Petitioner has discharged his sentence. On May 27, 1994, Oklahoma Governor Walters signed House bill 1249, into law, creating a non-discretionary duty upon all state courts to retroactively place all prisoners sentenced before 1997, under

---

[1] Petitioner attaches a copy of the OCCA's ruling, entered March 9, 2017, in Case No. MA-2016-1140. *See* Doc. 5 at 10-13. As to Petitioner's claim that "his sentence in CRF-1985-698 exceeds the maximum sentence authorized and has been discharged," the OCCA denied the petition, without considering the merits of Petitioner's claims, finding that "[c]hallenges to a Judgment and Sentence must be made through post-conviction procedures and not an application for extraordinary relief." *See id.* at 13.

2

> the 1997 truth in sentencing matrix, and it took immediate emergency effect upon the Governors 1997 signature. The repeal of a statute shall not revive a statute previously repealed, and accrued, vested rights can in no way be denied after a statute is repealed. Pre-1997 parts of a sentence, even if repealed, must still be applied when it benefits a prisoner. Thus, the state court refusal to file and rule upon Petitioner's motion for order nunc pro tunc and brief in CRF-85-698, denied Petitioner his constitutional right of access to the courts. Petitioner's sentence in CRF-85-698 exceeds the maximum sentence authorized and has been discharged.
>
> Ground Two: The State's denial of post-conviction relief violated Petitioner's rights under the equal protection clause.
> Similarly situated inmates have been intentionally treated differently by the State, and there is no rational relation between the dissimilar treatment and any legitimate penal interest. The State granted post-conviction relief to a white prisoner on April 14, 2016, but Petitioner who is black, was denied relief on December 2, 2016. Like the white prisoner, Petitioner's post-conviction relief application alleged the identical claims, i.e., that Petitioner's sentence exceeds the maximum sentence authorized by law and has been discharged. (See Ground One above). In fact, Petitioner simply took the white prisoner's post-conviction relief application and removed his name from it and copied the text word-for-word and sent it to the court with Petitioner's name on it. There was no legitimate penal interest for denying Petitioner post-conviction relief. Although the white prisoner was convicted in 1972 while Petitioner was convicted in 1990, the claim for relief in both cases involved pre-1997 life sentences. Loyd Kennedy, a white prisoner, was granted post-conviction relief on this claim on April 14, 2016, in Sequoyah County Case No. CRF-72-187, while Petitioner, who is black, was denied post-conviction relief on the identical claim on December 2, 2016. The constitution prohibits the State from discrimination on the basis of a person's race.

*Id.* at 3-5 (footnote omitted). In response to the amended petition, Respondent filed a motion to dismiss (Doc. 8). Petitioner filed a response to the motion to dismiss (Doc. 9)

## *ANALYSIS*

In the motion to dismiss (Doc. 8), Respondent does not address either Petitioner's access to courts claim or his equal protection claim. Instead, Respondent focuses on Petitioner's underlying claim that, under state law, he has discharged his sentence. *Id.* As to that claim, Respondent asserts

3

that (1) Petitioner failed to exhaust administrative remedies prior to commencing this federal habeas corpus action, (2) the petition is time barred, and (3) Petitioner has not completed his sentence. *See id.* In response to the motion to dismiss, Petitioner argues that the "petition does not challenge the manner in which his sentence is being administered by the Oklahoma Department of Corrections . . . Consequently, exhaustion of administrative remedies was not required." *See* Doc. 9 at 4.

Petitioner's claim that he has discharged his sentence[2] underlies his first ground of error alleging that he has been denied access to courts. Based on Petitioner argument presented in response to the motion to dismiss, the Court shall adjudicate Petitioner's claims identified in the headings used for the grounds of error, rather than the claim identified by Respondent in the motion to dismiss. For the reasons discussed below, Petitioner's request for habeas corpus relief on his claims of denial of access to courts and equal protection is denied. The motion to dismiss shall be declared moot.

**A. Constitutionality of post-conviction proceedings is not cognizable**

Neither of Petitioner's claims raised in the headings of Grounds 1 and 2 presents a cognizable habeas issue. Petitioner challenges only the constitutionality of his state post-conviction/mandamus proceedings, not the constitutionality of his conviction. Under Tenth Circuit precedents, Petitioner's challenges are not proper under the habeas corpus statutes. *See Lopez v. Trani*, 628 F.3d 1228, 1229 (10th Cir. 2010) ("the district court did not err in dismissing claims that

---

[2]Petitioner is advised that before bringing a habeas claim asserting that he has discharged his sentence, Petitioner must first exhaust both administrative remedies as provided by the Oklahoma Department of Corrections and state judicial remedies. *Dulworth v. Evans*, 442 F.3d 1265, 1269 (10th Cir. 2006) (citing *Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005); *Moore v. Olson*, 368 F.3d 757, 758 (7th Cir. 2004); *Clonce v. Presley*, 640 F.2d 271, 273-74 (10th Cir. 1981) (stating that a prisoner must "exhaust the respective state and administrative remedies before challenging his state or federal custody by habeas corpus")).

related only alleged errors in the post-conviction proceedings"); *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) ("because the constitutional error he raises focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, it states no cognizable federal habeas claim."); *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993); *see also Sullivan v. Rios*, 643 F. App'x 806, 806-07 (10th Cir. 2016) (unpublished)[3]; *Del Rantz v. Hartley*, 577 F. App'x 805, 807 (10th Cir. 2014) (unpublished); *Neiberger v. McCollum*, 577 F. App'x 850, 853 n.1 (10th Cir. 2014) (unpublished) (specifically rejecting equal protection claim arising from post-conviction proceeding). Because Petitioner's claims are not cognizable, his petition for writ of habeas corpus shall be denied.

## B. Claims do not entitle Petitioner to habeas corpus relief

Even if Petitioner's claims are cognizable, he is not entitled to habeas corpus relief for the reasons discussed below.

### 1. Access to courts (Ground 1)

In the heading of his first ground of error, Petitioner claims that he has been denied access to courts. *See* Doc. 5 at 3. Petitioner attributes the alleged constitutional violation to filing restrictions imposed by Oklahoma County District Court. *See* Doc. 5 at 3-4. The OCCA adjudicated this claim on the merits and denied relief, finding as follows:

> [i]n MA 2016-1140 Petitioner seeks extraordinary relief claiming he is being denied access to the District Court. Petitioner's subsequent filing in MA 2017-0118, however, refutes this claim as Petitioner's subsequent application was filed and ruled upon by the District Court. Accordingly, in MA 2016-1140 Petitioner has not shown that he is entitled to extraordinary relief. Petitioner has not shown that he is being denied access to the district courts.

---

[3]This and all other unpublished opinions herein are not precedential but are cited for their persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

> We understand the District Court's vexation in addressing Petitioner's numerous filings. After noting that Petitioner had previously been sanctioned, warned by the Federal District Court, warned by the Tenth Circuit Court of Appeals, and warned by the Supreme Court of the United States of America, on May 15, 2014, the District Court of Oklahoma County again sanctioned Petitioner and barred him from filing subsequent applications for collateral relief in Case No. CRF-1985-698, In an Order issued September 29, 1997, in Post-Conviction Appeal No. PC 1997-1142, affirming the denial of Petitioner's third attempt to challenge his conviction, Petitioner was advised by this Court that he had exhausted his state remedies and that subsequent application is barred. On June 24, 2014, this Court affirmed the May 15, 2014, sanctions imposed by the District Court when denying Petitioner's fourteenth application for post-conviction relief. The District Court found that Petitioner had abused the judicial process more than any other individual in that court's history.

*See* Doc. 5 at 11-12. Thus, the OCCA found that Petitioner had not been denied access to the courts.

Whether a litigant has been denied access to courts is a question of law, but the legal conclusion "rests on factual findings and inferences from those findings." *Cf. Fields v. Gibson*, 277 F.3d 1203, 1212 (10th Cir. 2002) (discussing factual findings involved in determining whether a guilty plea is voluntary). The determinations of factual issues made by a State court are presumed to be correct and the applicant can rebut this presumption only with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Here, Petitioner has failed to rebut the presumption of correctness afforded the factual findings underlying the OCCA's conclusion that Petitioner was not denied access to the state district court. For that reason, habeas corpus relief on Ground 1 is denied.

### 2. Equal protection (Ground 2)

In his second ground of error, Petitioner claims that he has been denied post-conviction relief in violation of the equal protection clause of the Constitution. *See* Doc. 5 at 5. Nothing in the record before the Court suggests that this claim has been presented to the OCCA. For that reason, the claim is unexhausted. Nonetheless, habeas corpus relief is denied pursuant to 28 U.S.C. § 2254(b)(2).

The Fourteenth Amendment's equal protection guarantee "is essentially a directive that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Petitioner, who states that he is black, *see* Doc. 5 at 5, makes the conclusory statement that he was treated differently than a white prisoner who was granted post-conviction relief on an allegedly identical claim. The Court has examined the Order, entered April 14, 2016, in Sequoyah County District Court, Case No. CRF-1972-187, granting post-conviction relief to Loyd Kennedy, identified by Petitioner as a white prisoner. *See* Doc. 9 at 18. Significantly, the district judge did not address the merits of claims described by Petitioner as identical to those he raised in his "motion for order *nunc pro tunc*," *see* Doc. 9 at 30-36. Instead, the district judge ruled that "[d]ue to health, age and number of years served by Defendant [Kennedy], the Court grants Defendant's Post Conviction Relief and/or Defendant's Motion to Modify Sentence and hereby sentences Defendant to time already served in the Oklahoma Department of Corrections." *See* Doc. 9 at 18.

Where, as here, "bare equal protection claims are simply too conclusory to permit a proper legal analysis," the pleading fails "to raise any plausible equal protection claims." *See Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1215 (10th Cir. 2009). Petitioner's allegation that the difference in treatment is not related to a legitimate penological purpose but is, instead, the result of unlawful discrimination is conclusory. *See Ashcroft v. Iqbal*, 556 U.S. 662, 682-83 (2009); *Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994). Therefore, the Court finds Petitioner has failed to state an equal protection claim. For that reason, habeas corpus relief on Ground 2 is denied.

For all of the reasons discussed above, Petitioner's request for habeas corpus relief on his claims of denial of access to courts and equal protection is denied.

7

**Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473 (2000) (citation omitted). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's rulings are debatable among jurists or that the procedural ruling resulting in the denial of relief is debatable or incorrect. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The petition for writ of habeas corpus (Doc. 1), as amended (Doc. 5), is **denied**.

2. Respondent's motion to dismiss for failure to exhaust state remedies (Doc. 8) is **declared moot**.

3. Petitioner's motions for an evidentiary hearing (Doc. 10), to be "enlarged" pendente lite (Doc. 12), and to "expedite cause" (Doc. 14) are **declared moot**.

4. A certificate of appealability is **denied**.

ORDERED THIS 29th day of September, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE